**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――

**LILLIE MAE WILLIAMS**

                            **Petitioner,**

                                                             **1:04-CV-0860**
                  **v.**                                                              **(GLS/DRH)**

**UNITED STATES**

                            **Respondent.**

―――――――――――――――――――――――――――

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LILLIE MAE WILLIAMS
Petitioner, *Pro Se*
Last Known Address:
1333 N Street, N.W.
Washington, D.C. 2005

**FOR THE DEFENDANT:**

U.S. DEPARTMENT OF JUSTICE    KAREN WOZNIAK, ESQ.
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

**GARY L. SHARPE
United States District Judge**

## **DECISION AND ORDER**

The court cannot locate pro se plaintiff, Lillie Mae Williams. Accordingly, it *sua sponte* considers William's failure to comply with this district's Local Rules by notifying the court of her current address and by prosecuting her action.

On July 21, 2004, Lillie Mae Williams filed a *pro se* complaint and an in forma pauperis application in the above-captioned case. *See Dkt. Nos. 1 and 2.* On October 2, 2004, this court issued an order granting the filing of the complaint and the in forma pauperis application, at this time she was advised of her obligation to adhere to the Federal and Local Rules even though she was a *pro se* litigant. *See Dkt. No. 6.* This district has expended considerable effort in order to familiarize *pro se* litigants with those rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See <www.nynd.uscourts.gov>.

As relevant, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply... (emphasis in the original).

2

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, Williams has acknowledged this obligation by filing a change of address on December 9, 2004. *See Dkt. No. 10.*

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash Railroad County Independent School District, 370 U.S. 626 (1962); see also, Lyell Theater Corporation v. Loews Corporation, 628 F. 2d 37 (2d Cir. 1982).*

On October 3 and 19, 2004, a letter request/scheduling order and a document rejection order, respectively, were mailed to the plaintiff at the address reflected on the docket. *See Dkt. Nos. 38 and 40.* It is further noted, that *Dkt. No. 40* was mailed to 119 D. St. N.W., Washington, D.C. 20001. [1]

---

[1] The court noted a new address from the envelope in recent correspondence from the plaintiff. *See Dkt. No. 40.*

This court further notes that certain documents filed with this court reflect that the plaintiff's prior mailing address was P.O. Box 6784, Albany, NY 12206 [2]

Williams's copies of the orders were mailed to her last know address reflected on the docket, but returned as Return to Sender - Not Deliverable as Addressed - Unable to Forward.  *See Dkt. Nos. 41 and 42*.  This court further notes the document set to the address footnoted, has not been returned to this court.   For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams,* 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y. 1998)(Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

---

[2] Address obtained from the Complaint, In Forma Pauperis Application and the Motion to Appoint Counsel.  *See Dkt. Nos. 1-3.*

*Dansby v. Albany County Correctional Staff,* 95-cv-1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citing *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)(other citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner,* 95-cv-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 95-cv-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996); *Fenza v. Conklin,* 177 F.R. D. 126 (N.D.N.Y. 1988); cf. *Michaud*, 1999 WL 33504430, at *1.

Although the court concludes that it would be an appropriate exercise of discretion to dismiss William's action at this juncture for failure to notify the court of her address change or to prosecute her action, it nonetheless affords her an additional two weeks to comply.  According, it is hereby

**ORDERED** that plaintiff be granted **FOURTEEN (14)** days from the date of the filing of this order to submit her current address to the court and serve a copy upon defense counsel, or verify that her mailing address is as listed in the caption of this order, and it is further

**ORDERED** that if Williams fails to comply, the Clerk is directed to return this file to the court which will issue a *sua sponte* order dismissing the

5

action for failure to notify the court of her address change and for failure to prosecute, and it is further

**ORDERED** that the Clerk serve copies of this Order on the parties by regular mail at the addresses listed in the caption and the addresses as footnoted in this order.

**SO ORDERED.**

**Dated:   November 7, 2005
          Albany, New York**

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge