**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**LILLIE MAE WILLIAMS**

                              **Plaintiff,**

                                                            **1:04-CV-860**
             **v.**                                          **(GLS)**

**UNITED STATES**

                              **Defendant.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LILLIE MAE WILLIAMS
Plaintiff, *Pro Se*
Last Known Address:
1333 N Street, NW
Washington, D.C., 20005

**FOR THE DEFENDANT:**

U.S. Department of Justice          KAREN WOZNIAK
P.O. Box 55                         Assistant U.S. Attorney
Ben Franklin Station
Washington, DC 20044

**GARY L. SHARPE**
**United States District Judge**

**ORDER**

On July 21, 2004, Lillie Mae Williams filed a *pro se* complaint alleging

that the defendant failed to provide her with a replacement check for the

1981 income tax period.  *See Dkt. No. 1.*  On that same day, Williams also

filed an *In Forma Pauperis* application.  *See. Dkt. No. 2.*  On February 7,

2005, defendant United States filed an answer.  *See Dkt. No. 15.*  On June

1, 2005, defendant filed a motion to dismiss.  *See Dkt. No. 31.*

On October 19, 2005, this court sent Williams a document rejection

order.  *See Dkt. No. 40.*  On October 21, 2005, the document rejection

order was returned as undeliverable.  *See Dkt. No. 41.*  Accordingly, the

court issued a November 7, 2005 order, directing Williams to notify the

court of her current address within fourteen days.  *Dkt. No. 43.*  The court

warned Williams that her failure to comply would result in dismissal for

failure to comply with L.R. 10.1(b) and 41.2(b).  On November 10, the order

was returned to this court as undeliverable.  *See Dkt. No. 44.*  Despite her

knowledge of her obligation to apprise the court of her current address and

the consequences of failing to do so, Williams has not complied with the

court's November 7th order.

This court finds that William's failure to provide the court with a

2

change of address warrants dismissal.  Rule 41(b) of the Federal Rules of

Civil Procedure allows a court to dismiss an action for failure to prosecute.

Courts in the Northern District of New York have dismissed lawsuits

brought by *pro se* plaintiffs for failure to provide a current address.  *See*

*Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Williams v. Faulkner*,

95-CV-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany*

*County Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April

10, 1996).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that William's complaint is **DISMISSED** for failure to

notify the court of her current address, for failure to prosecute, and for

failure to comply with this court's November 7, 2005 order, and it is further

**ORDERED** that the defendants' motion to dismiss, *Dkt. No. 31,* is

**DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to

all the parties and particularly to Williams at her last known address, and it

is further

**ORDERED** that the Clerk close the case.

3

January 5, 2006
Albany, NY

Gary L. Sharpe
U.S. District Judge